UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Jorge-Junac Caballero-Flores;

                              Plaintiff,

            -against-

Delicias del Jireh, Inc., Nilton Mori, Mariella Mori, and
Willy Cacsire;

                            Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

### NATURE OF ACTION

1. Plaintiff brings this action to recover unpaid wages, liquidated damages, pre-judgment interest, statutory damages, and reasonable attorney fees and costs from the Defendants.

2. Plaintiff was a cook employed in the Defendants' business. Before filing this Complaint, the Defendants willfully committed violations of 29 U.S.C. §201 et. seq. (the "Fair Labor Standards Act" or "FLSA") and the New York Labor Law ("NYLL"). The Defendants failed to keep accurate time records, failed to pay the Plaintiff regular time and overtime wages by not counting certain hours worked beyond 40 in a workweek, and failed to provide the Plaintiff wage notices as required by the NYLL.

## JURISDICTION AND VENUE

3. This action arises under 29 U.S.C. §201 et. seq. (the "Fair Labor Standards Act" or "FLSA").

4. This Court has jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. § 216.

5. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

6. The venue is proper in the Southern District of New York under 28 U.S.C. §1391 because the Defendants conduct business there and the cause of action arose there.

### THE PARTIES

7. Plaintiff Jorge-Junac Caballero-Flores ("Jorge") resides in Stamford, Connecticut.

8. On information and belief, Delicias del Jireh, Inc. ("Delicias") is an employer as defined by 29 U.S.C. §203(d), located at 206 Mamaroneck Ave, White Plains, NY 10601.

9. On information and belief, Nilton Mori ("Nilton") is an employer as defined by 29 U.S.C. §203(d), with his principal place of business as Delicias.

10. On information and belief, Mariella Mori ("Mariella") is an employer as defined by 29 U.S.C. §203(d), with her principal place of business as Delicias.

11. On information and belief, Willy Cacsire ("Willy") is an employer as defined by 29 U.S.C. §203(d), who owns all or part of Delicias, and resides in the State of New York.

### BACKGROUND FACTS[1]

12. Delicias is Restaurant.

13. On information and belief, Nilton owns all or part of Delicias.

14. On information and belief, Mariella owns all or part of Delicias.

15. All facts attributed to Delicias in this Complaint are equally attributable to each of the above-captioned Defendants for the period in which each Defendant was an employing entity, as defined by 29 U.S.C. §203(d).

16. During any time whatsoever starting six years before the filing of this Complaint, Delicias could perform one or more of the following actions: (1) hire the Plaintiff, (2) terminate the Plaintiff, (3) set the Plaintiff's wage rates, (4) maintain the Plaintiff's payroll records, or (5) institute work rules for the Plaintiff to follow.

17. During any time whatsoever starting six years before the filing of this Complaint, Defendant Mariella could perform one or more of the following actions: (1) hire the Plaintiff, (2) terminate the Plaintiff, (3) set the Plaintiff's wage rates, (4) maintain the Plaintiff's payroll records, or (5) institute work rules for the Plaintiff to follow.

18. During any time whatsoever starting six years before the filing of this Complaint, Defendant Nilton could perform one or more of the following actions: (1) hire the Plaintiff, (2) terminate the Plaintiff, (3) set the Plaintiff's wage rates, (4) maintain the Plaintiff's payroll records, or (5) institute work rules for the Plaintiff to follow.

19. On information and belief, Delicias had annual revenues exceeding $500,000 for the year 2019.

20. On information and belief, Delicias had annual revenues exceeding $500,000 for the year 2018.

21. The Defendants employed Plaintiff as an employee during the Relevant Time Period.

22. The Defendants did not hire the Plaintiff as an independent contractor.

23. The Defendants provided all of the equipment and material for Plaintiff to perform his job.

24. The Defendants treated the Plaintiff as "W-2" wage earners while employed.

25. The Defendants determined the Plaintiff's work schedule and method and rate of pay.

26. The Defendants assigned Plaintiff the specific job duties to which he had to perform.

27. Plaintiff was not free to hire other employees to work in Plaintiff's place to perform his job

---

[1] The facts asserted in this Complaint are alleged to take place during any period during the six years immediately preceding this Complaint's filing.

duties.

**PLAINTIFF Jorge-Junac Caballero-Flores**

28. Jorge started working for the Defendants in September, 2018.

29. Jorge stopped working for the Defendants on or around July, 2019.

30. Defendants employed Jorge as a cook.

31. Jorge performed work for Defendants during the 2019 calendar year.

32. Jorge performed work for Defendants during the 2018 calendar year.

33. Defendants paid Jorge by the hour.

34. Jorge worked approximately 60 hours each week the Defendants employed him.

35. Jorge's shift was typically beyond 10 hours long each day.

36. The Defendants never paid Jorge for the hours he worked beyond 40 hours in the workweek.

37. Jorge's hourly rate of pay varied throughout his employment tenure.  Defendants paid him $12 an hour for most of his employment, except $10 an hour during his first month of work, then $11 per hour during his second month, and $13 per hour for about the last 3 months of his employment.

38. Defendants paid Jorge in cash up until the last four weeks of his employment, until they paid him by check and cash.

39. On information and belief, no Defendant provided Jorge with a written notice of his pay rate at any time whatsoever.

40. On information and belief, no Defendant provided Jorge with an accurate paystub at any time.

41. Jorge never had the power to hire or fire employees, control employee work hours, or otherwise control other employee work conditions.

## FIRST CAUSE OF ACTION
### (Failure to pay overtime)
### (Federal- 29 USC 201 et. seq.)

42. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

43. The overtime wage provisions outlined in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations apply to Defendants and protect the Plaintiff.

44. Defendants failed to pay the Plaintiff overtime wages to which Plaintiff was entitled under the FLSA and the supporting Federal Regulations.

45. Because of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial and is entitled to recover such underpayments, liquidated damages, pre-judgment interest, attorneys' fees, and costs, and other compensation under the FLSA.

46. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA concerning Plaintiff's compensation.

47. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitation applies, under 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
### (Failure to pay overtime)
### (NY State- NY Lab. Law §652)

48. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

49. The overtime wage provisions of Article 19 of the NYLL and the supporting New York State regulations apply to Defendants and protect the Plaintiff.

50. Defendants failed to pay the Plaintiff overtime wages to which Plaintiff was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

51. By the Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked over 40 hours per workweek, they have willfully violated NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

52. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

**THIRD CAUSE OF ACTION**
**(Failure to pay wages)**
**N.Y. Lab. Law §191**

53. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

54. Under NY Lab. Law §191, an employer is required to pay a manual worker like Plaintiff within one week of the employee's services.

55. Defendants failed to pay Plaintiff's wages as required by NYLL §191 by not paying wages within the statutory time-period.

56. The Defendants violated N.Y. Lab. Law §191 by not paying Plaintiff an overtime premium and withheld those overtime premium funds.

57. The Defendants violated N.Y. Lab. Law §191 by not paying the Plaintiff at the agreed-upon wage rate for all his hours worked over 40 in a workweek.

58. Because of the Defendants' unlawful withholding of wages, the Plaintiff suffered harm.


**FOURTH CAUSE OF ACTION**
**(Failure to provide wage notices)**
**(N.Y. Lab. Law §198(1-b) & N.Y. Lab. Law §198(1-d))**

59. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

60. Under the Wage Theft Prevention Act, New York Labor Law, §195, Defendants willfully failed to furnish Plaintiff with a required notice containing the following information:

      i. the rates or rates of pay and basis thereof,

      ii. whether paid by the hour, shift, day, week, salary, piece, commission, or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

      iii. the regular pay designated by the employer under NYLL §191;

      iv. the name of the employer;

      v. Any "doing business as" names used by the employer;

      vi. The physical address of the employer's main office or principal place of business, and a mailing address, if different;

      vii. The telephone number of the employer

61. Defendants willfully failed to furnish the Plaintiff with an accurate statement of wages as required by NYLL §195(3). No notices contained all of the following information in a single wage statement: the dates of work covered by that payment of wages; the name of the employee; the name of the employer; address and phone number of the employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece,

commission, or other; gross wages; hour rate or rates of pay, and overtime rates of pay; the number of hours worked, including overtime hours; deductions, allowances, and net wages.

62. Due to Defendants' violation of NYLL §195(1), Plaintiff is entitled to recover from Defendants liquidated damages of $50 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, under NYLL § 198(1-b).

63. Defendants failed to provide Plaintiff a statement with each payment of wages that sets forth Plaintiff's hours worked, rates of pay, gross wages, credits claimed (for tips, meals, and lodging), if any, deductions, and net wages.

64. Due to Defendants' violation of NYLL §195(3), Plaintiff is entitled to recover from Defendants liquidated damages of $250 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, under NYLL § 198(1-d).

## FITH CAUSE OF ACTION
### Failure to pay spread of hours
### 12 NYCRR 146-1.6

65. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

66. The spread of hours provisions of the New York Hospitality Wage Order apply to Defendants and protect the Plaintiff.

67. Defendants failed to pay the Plaintiff a spread of hours premium equal to one hour of pay at the New York State Prevailing Minimum Wage Rate for each shift that he worked beyond 10 hours in a workday.

68. By the Defendants' knowing or intentional failure to pay Plaintiff a spread of hours premium for each day Plaintiff worked beyond 10 hours in a workday, they have willfully violated NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

69. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid spread of hours premium wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A.      Unpaid wages, and an additional and equal amount as liquidated damages under the FLSA and the supporting United States Department of Labor regulations;

B.      Unpaid wages under NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages under NYLL § 663;

C.      Unpaid wages under NYLL §191 and an additional and equal amount as

liquidated damages under the NYLL;

D.      Statutory damages equal to $50 for each workday, up to a maximum of $5,000, for each workday Plaintiff was not provided a wage notice according to NYLL §198(1-b);

E.      Statutory damages equal to $250 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provided a statement of wages under NYLL §198(1-d);

F.      Pre-judgment interest and post-judgment interest;

G.      Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Art. 6, §§ 190 *et seq.,* NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations;

H.      An injunction requiring Defendants to pay all statutorily required wages under the NYLL and an order enjoining Defendant from continuing its unlawful policies and practices as described herein;

I.      Reasonable attorney fees and costs of the action;

J.      Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated:   White Plains, New York
         December 7, 2020

EL-HAG & ASSOCIATES, P.C

*Jordan El-Hag*

Jordan El-Hag, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com

7